RECORD NOS. 12-15705(L);
12-15889; 12-15957; 12-15996; 12-16010; 12-16038

In The

# United States Court of Appeals
### For The Ninth Circuit

In re:  **ONLINE DVD RENTAL ANTITRUST LITIGATION,**

**ANDREA RESNICK; BRYAN EASTMAN;
AMY LATHAM; MELANIE MISCIOSCIA;
STAN MAGEE; MICHAEL OROZCO;
LISA SIVEK; MICHAEL WIENER,,**

*Plaintiffs-Appellees,*

**v.**

**THEODORE H. FRANK,**

*Objector-Appellant,*

**v.**

**NETFLIX, INC.; WAL-MART STORES, INC.;
WALMART.COM USA LLC,**

*Defendants-Appellees.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

————————

**Objectors-Appellants Theodore H. Frank (12-15705(L)),
Tracey Klinge Cox (12-16038),  John Sullivan (12-16010), Maria Cope (12-15996), and
Edmund F. Bandas' (12-15957) Excerpts of Record
Volume 1 of 3
(Pages 1-31)**

————————

**Theodore H. Frank**
**CENTER FOR CLASS ACTION FAIRNESS LLC**
**1718 M Street, NW, No. 236**
**Washington, DC  20036**
**(703) 203-3848**

*Objector-Appellant*
*(Case No. 12-15705)*

*Additional Counsel Continued Inside Cover*

**RECORD NOS. 12-15705(L);**
**12-15889; 12-15957; 12-15996; 12-16010; 12-16038**

*Counsel Continued from Outside Cover*

Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline , Suite 1020
Corpus Christi, Texas  78471
(361) 698-5200

*Counsel for Objector - Appellant Bandas*
  *(Case No. 12-15957)*

Gary W. Shibley
SIBLEY LAW FIRM
2414 No Akard, Suite 700
Dallas, Texas  75201
(214) 522-5222

*Counsel for Objector - Appellant Cox*
  *(Case No. 12-16038)*

Joseph D. Palmer
LAW OFFICES OF DARRELL PALMER
603 North Highway 101, Suite A
Solana Beach, California  92075
(619) 985-1099

*Counsel for Objector - Appellant Cope*
  *(Case No. 12-15996)*

Mark Lavery
THE LAVERY LAW FIRM
733 South Lee
Des Plaines, Illinois 60016
(847) 813-7771

*Counsel for Objector - Appellant Sullivan*
  *(Case No. 12-16010)*

Grenville Pridham
ATTORNEY AT LAW
2522 Chambers Road, Suite 100
Tustin, California  92780
(714) 486-5144

*Counsel for Objector - Appellant Sullivan*
  *(Case No. 12-16010)*

Christopher Langone
LAW OFFICE OF CHRISTOPHER LANGONE
207 Texas Lane
Ithaca, New York  14850
(607) 216-2836

*Counsel for Objector - Appellant Sullivan*
  *(Case No. 12-16010)*

# <u>TABLE OF CONTENTS</u>
## VOLUME 1 OF 3

<u>Page</u>

**Order and Final Judgment of**
**The Honorable Phyllis J. Hamilton**
**Re:  Approving Settlement Between Settlement Class Plaintiffs and**
**Wal-Mart Stores, Inc. and Walmart.com USA LLC**
  **filed March 29, 2012 (Docket No. 609)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Order of**
**The Honorable Phyllis J. Hamilton**
**Re:  Order Awarding Class Counsel Attorneys' Fees,**
**Reimbursement of Expenses, and Payments to Class Representatives**
  **filed March 29, 2012 (Docket No. 607)** . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Excerpt of Transcript of Oral Ruling of**
**The Honorable Phyllis J. Hamilton**
**Re:  Approving Settlement Agreement and**
**Awarding Class Counsel Attorneys' Fees and**
**Reimbursement of Expenses**
  **on March 14, 2012** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF CONTENTS
## VOLUME 2 OF 3

**Page**

**Objector Tracey Klinge Cox's Notice of Appeal**
      filed April 30, 2012 (Docket No. 625) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**Objector John Sullivan's Notice of Appeal**
      filed April 30, 2012 (Docket No. 621) . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

**Objector Maria Cope's Notice of Appeal**
      filed April 27, 2012 (Docket No. 619) . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

**Objector Edmund F. Bandas' Notice of Appeal**
      filed April 23, 2012 (Docket No. 616) . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**Objector Theodore H. Frank's Notice of Appeal**
      filed March 30, 2012 (Docket No. 610) . . . . . . . . . . . . . . . . . . . . . . . . . 41

**Transcript of Fairness Hearing before**
**The Honorable Phyllis J. Hamilton**
      on March 14, 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**Supplemental Declaration of Tore Hodne in Support of**
**Plaintiffs' Motion for Final Approval of the Wal-Mart Settlement**
      filed February 28, 2012 (Docket No. 585) . . . . . . . . . . . . . . . . . . . . . . 143

**Excerpt of Plaintiffs' Reply in Support of Motion for Final Approval of**
**Class Action Settlement with Wal-Mart Defendants and**
**Approval of the Plan of Allocation**
      filed February 28, 2012 (Docket No. 583) . . . . . . . . . . . . . . . . . . . . . . 164

**Maria Cope's Objection to Proposed Settlement and**
**Notice of Intent to Appear**
      dated February 14, 2012
      filed February 27, 2012 (Docket No. 582-1) . . . . . . . . . . . . . . . . . . . . . 165

**John Sullivan's Summary of Objection**
      filed February 14, 2012
      filed February 27, 2012 (Docket No. 582-1) . . . . . . . . . . . . . . . . . . . . . 174

**Edmund F. Bandas' Objection**
    undated
    **filed February 27, 2012 (Docket No. 582-1)** . . . . . . . . . . . . . . . . . . . . . . 217

**Tracey Klinge Cox's Objection to the Proposed Settlement and
Attorneys' Fees, Request to Listen to the Hearing by Telephone**
    dated February 13, 2012
    **filed February 27, 2012 (Docket No. 582-1)** . . . . . . . . . . . . . . . . . . . . . . 219

**Theodore H. Frank's Objection to Proposed Settlement**
    **filed February 14, 2012 (Docket No. 581)** . . . . . . . . . . . . . . . . . . . . . . . 229

**Excerpt of Plaintiffs' Motion for Final Approval of
Class Action Settlement with Wal-Mart Defendants and
Approval of the Plan of Allocation**
    **filed January 30, 2012 (Docket No. 566)** . . . . . . . . . . . . . . . . . . . . . . . . 261

# TABLE OF CONTENTS
## VOLUME 3 OF 3

**Page**

**Settlement Agreement between Plaintiffs and Wal-Mart Defendants, With Exhibits,**

    filed July 15, 2011 (Docket No. 454-1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 264

**Exhibits:**

1.    **E-mail Notice to Netflix Subscribers Regarding
    Class Action and Settlement with Wal-Mart Defendants**
        undated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 311

2.    **Publication Notice to Netflix Subscribers Regarding
    Class Action and Settlement with Wal-Mart Defendants**
        undated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 313

3A.   **Table of Associated Cases in California**
        undated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 314

3B.   **Table of Associated Federal Cases**
        undated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 315

4.    **Wal-Mart Settlement Claim Forms**
        undated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 317

**Docket Entries** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 321

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | **Master File No. 4:09-md-2029 PJH**<br><br>**MDL No. 2029**<br><br>**Hon. Phyllis J. Hamilton** |
| **This document relates to the following actions:**<br><br>*Resnick et al v. Walmart.com USA LLC*, 4:09-cv-00002-PJH<br>*Lynch et al v. Walmart.com USA LLC*, 4:09-cv-00138-PJH<br>*Sivek v. Walmart.com USA LLC*, 4:09-cv-00156-PJH<br>*Orozco v. Netflix, Inc.*, 4:09-cv-00297-PJH<br>*Miscioscia v. Netflix, Inc.*, 4:09-cv-00377-PJH<br>*Weiner v. Walmart.com USA LLC*, 4:09-cv-00398-PJH<br>*Magee v. Netflix Inc.*, 4:09-cv-01793-PJH<br>*Caldwell v. Netflix, Inc.*, 4:11-cv-01928-PJH<br>*Barnett v. Netflix, Inc.*, 4:11-cv-04328-PJH | **[~~PROPOSED~~] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN SETTLEMENT CLASS PLAINTIFFS AND WAL-MART STORES, INC. AND WALMART.COM USA LLC** |

This matter came before the Honorable Phyllis J. Hamilton on Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, a consolidated class litigation is pending before the Court entitled *In re: Online DVD Rental Antitrust Litigation,* Master File No. 4:09-md-2029 PJH, MDL No. 2029 (United States District Court for the Northern District of California);

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Named Plaintiffs, the Settlement Class Representatives, and the Settlement Class Members on the one hand, and Defendants Wal-Mart Stores, Inc. and Walmart.com, USA LLC (collectively, "Wal-Mart") on the other hand, dated July 1, 2011 (the "Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, on September 2, 2011, the Court entered its order preliminarily approving the Settlement of this class action as between the Named Plaintiffs, the Settlement Class Representatives and the Settlement Class Members, on the one hand, and Wal-Mart, on the other hand, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Court later directed that all Settlement Class Members be given notice of the Settlement, and approved the form and method of notice, and of the date for the final fairness hearing;

WHEREAS, the Court has received declarations of Tore Hodne, Shannon Wheatman, Ph.D., and Steve McLendon attesting to the e-mailing and publication of the Notice in substantial accordance with the Preliminary Approval Order;

WHEREAS, the Court entered a Conditional Class Certification Order on September 2, 2011, which reflects the claims certified for Settlement purposes and the scope of the Settlement Class;

WHEREAS, the Court having considered all timely filed objections to the Settlement; and

WHEREAS, the Court having conducted a final fairness hearing on March 14, 2012 (the

-1-

[PROPOSED] ORDER AND FINAL JUDGMENT; Master File No. 4:09-md-2029 PJH

1  "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed, and

2  all proceedings had therein;

3  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

4      1.      The Court has jurisdiction over the subject matter of this action, all Settlement Class

5  Members, and all Defendants.

6      2.      In accordance with Rule 23(d) of the Federal Rules of Civil Procedure and the

7  requirements of due process, all members of the Settlement Class have been given proper and adequate

8  notice of the Settlement. Based upon the evidence submitted by the parties to the Agreement, the

9  Agreement, the arguments of counsel, and all the files, records, and proceedings in this case, the Court

10  finds that the Notice and notice methodology implemented pursuant to the Agreement and the Court's

11  Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b)

12  constituted notice that was reasonably calculated, under the circumstances, to apprise members of the

13  Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right

14  to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate, and

15  sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal

16  Rules of Civil Procedure, and any other applicable law.

17      3.      The Agreement in this action warrants final approval pursuant to Rule 23(e) of the

18  Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects; it

19  resulted from vigorously contested litigation, discovery and motion practice and extensive good-faith

20  arm's length negotiations between the parties; and it is in the public interest.   In making this

21  determination, the Court has considered and balanced several factors, including the following factors

22  identified by the Ninth Circuit Court of Appeals:

23              (a) the strength of the plaintiffs' case;

24              (b) the risk, expense, complexity, and likely duration of further litigation;

25              (c) the risk of not attaining certification of a litigation class, as well as the risk of

26              maintaining class action status throughout the course of the litigation;

27              (d) the amount offered in settlement;

28              (e) the extent of discovery completed, and the stage of the proceedings;

1       (f) the experience and views of counsel; and

2       (g) the reaction of the class members to the proposed settlement.

3 *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow

4 sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler Corp.*,

5 150 F.3d 1011, 1026 (9th Cir. 1998).

6     4.    The Final Approval Motion is hereby GRANTED, and the Agreement is hereby

7 APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement

8 are hereby determined to be fair, reasonable, adequate, and for the exclusive benefit of the Settlement

9 Class Members. The Parties to the Agreement are directed to consummate the Agreement in

10 accordance with its terms.

11     5.    The Court FINDS that the following Settlement Class, conditionally certified on

12 September 2, 2011, meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) and such certification

13 is hereby made final:

14       Any person or entity residing in the United States or Puerto Rico that paid
a subscription fee to rent DVDs online from Netflix on or after May 19,
15       2005, up to and including September 2, 2011.

16     6.    The Court APPROVES payment of the Class Settlement Amount in accordance with

17 the terms of the Agreement.

18     7.    The Court APPROVES payment of Class Representative Incentive Payments to Bryan

19 Eastman, Amy Latham, Melanie Miscioscia Salvi, Stan Magee, Michael Orozco, Andrea Resnick, Lisa

20 Sivek, Michael Weiner, and Scott Caldwell in the amount of $5,000.00 each.

21     8.    The Court APPROVES payment of Attorneys' Fees of $ 6,812,500.00 and Costs to

22 Class Counsel in the amount of $ 1,700,000.00 in accordance with the terms of the Agreement.

23     9.    The allocation plan is hereby APPROVED as fair, adequate, and reasonable. The Class

24 Settlement Amount shall be distributed in accordance with the terms of the Agreement. Monies

25 transferred to the QSF for purposes of paying the Attorneys' Fees and Costs awarded in Paragraph 7,

26 shall be distributed to Class Counsel. Once Wal-Mart pays such monies into the QSF, Wal-Mart shall

27

28

1   have no further liability as to the allocation of such funds. The Court further finds that no attorneys

2   have asserted any attorney liens as to the attorneys' fees and costs awarded by the Court.

3       10.     The Litigation as between the Named Plaintiffs, the Settlement Class Representatives,

4   and the Settlement Class Members on the one hand, and Wal-Mart on the other hand, is DISMISSED

5   WITH PREJUDICE and without costs to any Party, other than as specified in the Agreement and this

6   Order.

7       11.     In consideration of the Class Settlement Amount, and for other good and valuable

8   consideration, each of the Releasing Settlement Class Members shall, by operation of this Judgment,

9   have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member

10  Released Claims against Wal-Mart in accordance with Section 15.1 of the Agreement, the terms of

11  which section are incorporated herein by reference; shall have covenanted not to sue Wal-Mart with

12  respect to all such Settlement Class Member Released Claims; and shall be permanently barred and

13  enjoined from instituting, commencing, prosecuting, or asserting any such Settlement Class Member

14  Released Claim against Wal-Mart.

15      12.     For good and valuable consideration, Wal-Mart shall, by operation of this Judgment,

16  have fully, finally, and forever released, relinquished, and discharged all Wal-Mart Released Claims

17  against the Releasing Class Members in accordance with Section 15.2 of the Settlement Agreement,

18  the terms of which section are incorporated herein by reference; shall have covenanted not to sue

19  Releasing Class Members with respect to all such Wal-Mart Released Claims; and shall be

20  permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any such

21  Wal-Mart Released Claims against Releasing Class Members.

22      13.     This Judgment is the Final Judgment in the suit as to all Settlement Class Member

23  Released Claims.

24      14.     Those persons or entities eligible for membership in the Settlement Class who timely

25  submitted valid requests for exclusion are not bound by this Judgment, and are not entitled to any

26  recovery from the settlement proceeds obtained through the Settlement.  Those persons or entities are

27  listed in Exhibit A to this Order.

28

-4-

[PROPOSED] ORDER AND FINAL JUDGMENT; Master File No. 4:09-md-2029 PJH

15.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Agreement; (b) distribution of the Class Settlement Amount, the Class Representative Incentive Payments, the Attorneys' Fees and Costs Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

16.     In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, and Wal-Mart.

17.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: _____3/29/12_____

_____
Honorable Phyllis J. Hamilton
United States District Court Judge

---

# EXHIBIT A

Case 4:09-md-02029-PJH    Document 665    Filed 03/23/12    Page 82 of 121

Class Members Requesting Exclusion

| | | |
|---|---|---|
| AARON TALLMAN | ANDREW KOCH | BARBARA BULLOCK |
| ABBY DOHNER | ANGEL MUNGUIA | BARBARA J RANANDO |
| ADAM KETCHER | ANGELA BECK | BARBARA J SPECK |
| ADRIAN FRANKS | ANGELA FOPPIANO | BARBARA M TOBIN |
| ADRIAN HERBEK | ANITA FRAZIER | BARTON MARKS |
| AIMEE CALDWELL | ANITA GIBSON | BARTON QUILLEN |
| AIMEE LEOPOLD | ANN and WICK GUBLER | BENJAMIN CAUDILL |
| AJITHA DE SILVA | ANN ELWELL | BENJAMIN ELMORE |
| ALAN HORTON | ANNA DE VERA | BENJAMIN LOWRY |
| ALBERT FEINSTEIN | ANNA GEHRIGER | BERNARD J PUROL |
| ALEJANDRA ORTEGA | ANNA MARIE MOLLOY | BERNARD MEIN |
| ALESSANDRA BUSCHMAN | ANNE BUTZEN | BERNICE BOLEK |
| ALEXANDER UTTER | ANNE LEGARE | BETH BOWER |
| ALICE SCHWEGMAN | ANNE M DELVILLANO | BETH SCHWARTZ |
| ALLEGRA HARRINGTON | ANNIE GREEN | BETHANY KULP |
| ALLISON FELL | ANTHONY CASOLA | BETHANY WATTS |
| ALYONE RILEY | ANTONELLA ABRUDI | BETTY L SLIDER |
| AMANDA AND MICHAEL BASS | ANTONETTE CICCARELLI | BHARAT BHATIA |
| AMANDA BERG NORTON | ANUJ PARIKH | BILL COOPER |
| AMY KIRK | ARIADNE MONTARE | BILL DAVIS |
| AMY SAMUEL | AUDRA JONES | BILL HALTON |
| ANDERS GILCHRIST | AVERY LAWRENCE | BILL STURBAUM |
| ANDREA DOERING | AVIS BRICE | BOB and STEPHANIE BAKER |
| ANDREA FROME | B.D. GRIBBEN | BOB BONSKOWSKI |
| ANDREW CORRIGAN | BARBARA A BRADLEY | BOB GREEN |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| BOBBIE MISHLER | CATHERINE CAUDLE | CHRISTOPHER DISBROW |
| BOBBY POWELL | CATHERINE HOWELL | CHUCK BRANDON |
| BONITA COFFIN | CATHERINE SULLIVAN | CINDRA OTTO |
| BONITA TORPE | CATHIE RUTKIN | CINDY JENNINGS |
| BRADLEY BROCK | CECIL DAVIS | CINDY PASKE |
| BRETA ALTER | CECILIA JOHNSON | CINDY SMITH |
| BRIAN SCOTT | CHARLES CASTLE | CLAIRE NUSSBAUM |
| BRIDGET DALY | CHARLES DEBOW | CLARA YOS |
| BRIDGET GERLACKI | CHARLES DUKE | CLASINA VAN VELZEN-STUP |
| BRIDGETTE BROWN | CHARLES REINHEIMER | CLAUDIO ALVES DE LIMA |
| BRYCE R LENSING | CHARLES SAYLOR | CONSTANCE KILGORE |
| C FARRINGTON | CHARLES VENEZIA | CONSTANCE PARSONS |
| C NICHOLAS AND JEAN M FERLAZZO | CHARLOTTE PAULY | CORBIN NAEKEL |
| CALLEY SCOTT | CHEVONNE MALONE | CRAIG HARPER |
| CALLIE C HAWKINS | CHOL SONG | CRUZ M GOBEA |
| CAMERON MCGOWAN CURRIE | CHRIS BIHLER | CRYSTAL WILKIE |
| CARA STUKES | CHRISTA L GRENIER | CURTIS HALL |
| CAREN WITMER | CHRISTE MCMENOMY | CYNTHIA COATS |
| CARLA J PATAT | CHRISTINA BOAVAIRD | DANETTE MORRIS |
| CARLO MONTICELLI | CHRISTINE LINDEWALD | DANIEL BODDICKER |
| CAROL C WESLEY | CHRISTINE MADONNA | DANIEL BRAZ |
| CAROL LETSON | CHRISTINE RENAUDIN | DANIEL KENYON |
| CAROL WOODS | CHRISTINE RYALS | DANIEL MANNING |
| CARROLL LISLE | CHRISTINE SOLTIS | DANIELLE RORICK |
| | CHRISTOPHER ALAN PENNY | DARIUSZ JURA |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| DARLENE GARBE | DIEM NGUYEN | ELAINE WEMPEN |
| DARREN SIMPSON | DIONESIA DIMITRIOU | ELEANOR CHIN |
| DAVID C DELMER | DOLORES PEPE | ELENA DAVIS |
| DAVID SIMPSON | DON AND KAREN NICHOLS | ELIDA D WILSON |
| DAVID SPURGEON | DONALD L HIBSCHWEILER | ELIZABETH DAVIS |
| DAVID THOMPSON | DONNA and LAWRENCE LEGGETT | ELIZABETH HANSEN |
| DAVID VILGOS | | ELIZABETH MACKENZIE |
| DAVID WAKEFIELD | DONNA CANJA | ELIZABETH S WEBBINK |
| DAVID WEST | DONNA DYER | ELIZABETH VERMILLION |
| DAWN MARSHALL | DONNA FERGUSON | ELIZABETH ZANCA |
| DAYNA STUECK | DONNA LO SCHIAVO | EMILY LANGE |
| DEBBIE EASLEY | DONNA MENDONCA | ERIC M ARMSTRONG |
| DEBBIE HASKELL | DONNA SCHWERIN | ERIC SHOREY |
| DEBBIE SPINKS | DORE KESTERSON | ERIN BOOTLE |
| DEBBIE TERRY | DOREEN GALLAGHER | ERIN JAEGER |
| DEBORAH ZACHA | DORI E KRUGER | ERIN SUTYLA |
| DEE DEE BABICH | DORIS VIRDEN | EUGENE P SCHWENK |
| DELORES POWERS | DOUGLAS FLORES | EUNICE CHUNG |
| DENISE MIRA | DR ALAN O PERANTONI | FERN GARDNER |
| DENISE MUNOZ | DT SHANTHA | FLAVIL GEORGE |
| DENNIS BEAUJEAN | E.J. HEALEY JR | FORRES MEADOWS |
| DENNIS E HAMILTON | EDWARD AND SHARON SHEPPARD | FRAN GIGLER |
| DIANE GRADY | EILEEN ERVING | FRAN HAWKINS |
| DIANE GRANBERY | EILEEN WALTON | FREDERICK MACASKILL |
| DIANNA LITTLE | ELAINE M MOORE | GAIL WEGNER |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| GARLAND DAVIS | GUILERMO A SANCHEZ | JAMES REAGAN |
| GARY BLOMQUIST | GUILLERMO SANCHEZ | JAMES THOMPSON |
| GARY BUDDELL | HALEE MANNING | JAN MAIER |
| GARY NARHRWOLD | HALEY KINDREX | JANE JOHNSON |
| GAY HOLMES | HAROLD HOROWITZ | JANE PITTMAN-HAWKINS |
| GENA HYMOWECH | HEATHER KING | JANE W ARRINGTON |
| GENE ARNOLD | HEIDI BROWARD | JANET DENISI |
| GENE V ELLIS | HELEN ALEXANDER | JANET GAINES |
| GENIEVE MAESTAS | HELEN DEWEY | JANET MARTIN |
| GEORGE CANNING | HENRY BOESCH | JANICE RATHGEB |
| GEORGEL L GRIGGS | HENRY C KLAPUT | JASON CURTIS |
| GERALD GALLIMORE | HILARY NEGELE | JASON PERKINS |
| GINA C ESCARPANTER | HILLARY and EDWARD PROKOP | JASON TOMFORDE |
| GISELLE GLEASON | HUGH KEITH-JOHNSTON | JAY LINDSAY |
| GITI UNDERHILL | IRENE ROUTSON | JAY NOLTE |
| GIULIO BRUNI | IRWIN STOLOWITZ | JAY WILLIAM MCDANIEL |
| GLORIA BUCHANAN | JACK AND CORINNE MCCLARAN | JAYCEN WOODS |
| GLORIA SCHWEITZ | | JEAN KESSLING |
| GORDON SPENCER | JACOB TIMM | JEAN M LANGLEY |
| GREG AND KAREN CHALMERS | JACQUELINE KURAJ | JEANNA WILLIAMS |
| GREG HALL | JAIME SEGURA | JEANNE M VAN EEPOEL |
| GREGORY AND MICHEL JACKSON | JAMES AND BARBARA LEWIS | JEFF AND PAMELA NORTHRUP |
| | JAMES DOHERTY | JEFF BOHN |
| GREGORY BELILES | JAMES F KAMPHAUS | JEFF SUTHERLAND |
| GREGORY MCDANIEL | JAMES P CUTONE | JEFFREY MORIN |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| JEFFREY WHITE | JOEL AND MELINDA OESTER | JOSEPH J COMINCIOLI |
| JENA MORKEN | JOEL MILLER | JOSEPH M PROCACCINI |
| JENNIFER CHASE | JOHANNA FENICLE | JOSEPH YORK |
| JENNIFER MCCLARREN | JOHN AND EVELYN LA FOND | JOSH TAPANI |
| JENNIFER MURRAY | JOHN and GAYLEE FIEL | JOSH WHITTENBERG |
| JENNIFER RUNION | JOHN BOLAN | JOSHUA MARZAN |
| JENNIFER SWISHER | JOHN CHENEVEY | JOSHUA MISHLER |
| JENNIFER VANDERSCHANS | JOHN DARDEN | JOY COFFEY |
| JEREMIAH COLEMAN | JOHN GORMAN | JOYCELYN LANGEVIN |
| JERI MARKHAM | JOHN K EGGENBERGER | JUANITA WASSMANN |
| JERRI RUDNICK | JOHN MARQUIS | JUDITH PERLOW |
| JESSICA DENEEN ONORATO | JOHN MIXON | JUDY CABLE ANDERSON |
| JESSICA ELWELL | JOHN PURTYMUN | JUDY PANCAKE |
| JESSICA MARTINEZ | JOHN R GUARINO | JUDY VAN BLARCOM |
| JESSICA MELORO | JOHN R SUBERT | JULIA ANDERSON |
| JIM ROHR | JOHN RAGLAND | JULIA E LITTLE |
| JOAN A WALKER | JOHN SAMSON | JULIA HARRISON |
| JOANN and MICHAEL PETOSA | JOHN W MORGAN | JULIE EAKLOR |
| JOANN ROBISON | JOHN WISSENBACH | JULIE GILL |
| JOANNE B GLOTZBACH | JON HAGAR | JULIE RITCHISON |
| JOANNE CRAIG | JONATHAN REAGAN | JULIE TRIPP |
| JODI AND DENNIS WILLIAMS | JORGE MENDOZA | JULIO TEJADA |
| JODIE SCREES | JOSEPH CARRERA | JULLIENNE FERRER |
| JOE AND LORIE PEADEN | JOSEPH E HASTINGS | JUSTIN AND DANA BURIE |
| JOE WOLFORD | JOSEPH GREENWOOD | JUSTINE YALEY |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| KAREN BELSKY | KEVIN RYAN | LEAH CHRUANA |
| KAREN BERG | KEVIN WONG | LEE BAKER |
| KAREN MORGANTE | KIM SABELLA | LEE DUNCAN |
| KARI HYMAS | KIM SCHWADERER | LEE JOHNSON |
| KASEY HARGAN | KIM WEST | LEN AND CONI BILLINGS |
| KATE WALSH | KIMBERLEY SCHONECK | LENOR EICHER |
| KATHERINE LYNN | KIMBERLY OMELSON | LENORA MITCHELL |
| KATHLEEN BRANDON | KIMBERLY SCHEPER | LESELYN GREENWALD |
| KATHLEEN N SKEERS | KJELL GUNDERSEN | LESLIE ROSE |
| KATHLEEN SIESS | KRISTA B POPE | LESTER SLIFKIN |
| KATHRYN MARTIN | KRISTI JONES | LINDA BUELL |
| KATHY JO HAWKINS | KRISTIN BROOKE BENTON | LINDA CLARK |
| KATIE SMITH | KRISTIN HERSHEY | LINDA FERGUSON-DAVIE |
| KAY DOSTAL | KRISTINA COOPER | LINDA KEIM |
| KEITH AND KARLA ROUNSAVILLE | KURT SERMAS | LINDA KELLEY |
| LACHELLE M CURTIS | LINDA MCDONNELL |
| KEITH B BURRISS | LARRY JAQUES | LINDSEY GOODMAN |
| KEITH CHAMBERS | LATHER W POWELL SR | LISA MEYER |
| KELLIE L ALTMAN | LAURA BROOKS | LOULAN PITRE JR |
| KELLY KOENIGS | LAURA STOTT | LUCILA NIGRO-WING |
| KENNETH BASSETT | LAUREN OWSLEY | LUCILLE GROSSI |
| KENNETH HUFF | LAUREN SCOTT | LYNAE ENGLAND |
| KENNETH LINEMAN | LAUREN SHUTE | LYNN ESTER |
| KENT VAN EVERY | LAURIE GETER | LYNN KLINE |
| KERMON CARTER | LAVINA JOHNSON | LYNNE BROUGHER |
| KEVIN PODKOWKA | | |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| MACKENZIE ROCHA | MARLENE HALACKA | MELODY and JAMES GREGG PARSONS |
| MADELYNE BARNETT | MARLENE HARESIGN | |
| MAGDA COLBERG | MARNEY LIEBERMAN | MELONY KAWAMURA |
| MALKE ROTH | MARVITA GRIMES | MERCEDES RUIZ |
| MALLORY BOEYINK | MARY AND ROBERT HEISSERMAN | MEREDITH STROBLE |
| MANDY CUNNINGHAM | | MICAHEL BARRESE |
| MANUEL SERRATOS | MARY ANGIN | MICHAEL AND MANDY MELICK |
| MARGARET HARDY-MITCHELL | MARY ANN METCALF | MICHAEL FINK |
| | MARY AYERS | |
| MARGARET HOERST | MARY DRAEGER | MICHAEL GARRISON |
| MARGARET ROBERTS | MARY ELKINS | MICHAEL J BROCK |
| MARGE STANDING | MARY GILLETTE | MICHAEL LIM |
| MARIAM SHAMI | MARY KAY JOENS | MICHAEL LINEBACH |
| MARIAN WILKES | MARY S ASHMAN | MICHAEL SMUDA |
| MARIANNE WEIDLEIN | MARY STYFFE | MICHELE AND JAMIE PREDER |
| MARIE SAMUEL | MARY TIPTON | MICHELE JUDGE |
| MARILYN A ZANDER | MARY YOUNG | MICHELLE ANN HOSTMEYER |
| MARION BOLIN | MATT BROWN | MICHELLE BOOTH |
| MARISA MADRID | MATT SNYDER | MILLICENT RUMMEL |
| MARISSA and ROBERT RADOVAN | MATTHEW NICKEL | MIRIAM MEYERS |
| | MATTIE DAVIS | MITRA RAHNEMA |
| MARK BURKE | MAUREEN BROOK | MONICA R GREY |
| MARK D HENDERSON | MEGAN HOCHSTEDLER | MONICA WERNER |
| MARK H GERTH | MELISSA J COOK | MORGAN GOKEY |
| MARK SQUIRES | MELISSA MURZ | MUNIR KADERBHAI |
| MARLENE GRIFFIN | MELISSA TODD | MYRNA J STANER |

Exhibit B

-14-

Class Members Requesting Exclusion

| | | |
|---|---|---|
| MYRTLE KILION | NORMA LEBARON | PETER TRINKLE |
| NANCY B STEWART | NOZAR MOZAKA | PETER ZUG |
| NANCY CHRISTIE | PALLAVI BANDODKAR | PHIL PETERSON |
| NANCY CLARK | PAM AND BILL BUCKLEY | PHILIP NELSON |
| NANCY DZUROSKA | PAMELA KESTER | PHYLLIS SYLVESTER |
| NANCY E ANKLAM | PAT ALLEN | PILAR ORLANDI |
| NANCY E MILLER | PAT HEUER | RALPH L HERGENRADER |
| NANCY HOLT | PAT WALLACE | RAMONA M SOULE |
| NANCY LAWRENCE | PATRICE MALLERY | RAULIE W CASTEEL |
| NANCY MONTANA | PATRICIA A WALLACE | RAY and GRACE STANCZAK |
| NANCY S BARBER | PATRICIA ALLEN | RAYMOND and MARJORIE SULLIVAN |
| NANCY ST GERMAIN | PATRICIA COTTER | REBECCA BENAROYA |
| NATALIA TAN | PATRICIA H TODD | |
| NATHAN KENNEDY | PATRICIA KELLY | REBECCA MEIERS |
| NATHAN SCHULTZ | PATRICIA MEEKS | REGINA SEUS |
| NATHANIEL PAINE | PATRICIA SWINTON | REGINE BAUS |
| NELIDA RIVAS | PAUL AND ARLYS SLAUGHTER | RESIDENT |
| NELSON DEGRACIA | | RICHARD DARLING |
| NIALL DURHAM | PAUL AND NOREEN BETTEN | RICHARD E TYNER |
| NICHOLAS BARNARD | PAUL CROSSMAN | RICHARD GOSS |
| NICK SWATEK | PAUL E BARKER | RICHARD PRICE |
| NICKIE COOK | PAUL R PARK | RICHARD R DENSON |
| NIMA BAGHAEI | PAUL REECE | ROB COATSWORTH |
| NON FINKELSTEIN | PAULA A BUREAN | ROBERT AND MARIANNE GREEN |
| NOREENE LINTON | PAULA STOKES | |
| | PEGGY THOMPSON | ROBERT AND SUSAN GLEICH |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| ROBERT E WHITMORE | RYAN DIONNE | SHELLY MARTIN |
| ROBERT KELLY | SACHIKO HIRAI | SHIRLEY COOK |
| ROBERT NOTSON | SAHRON ELLESTAD | SHIRLEY KOZENIESLAY |
| ROBERT RUTZEL | SALLY LEPPALA | SIMEON D MISHEV |
| ROBERT WICK | SAM EDWARDS | SIMONE LEE |
| ROBERT WILLIAMS | SAMUEL SPENCER | SKIP IREDALE |
| ROBERTA RICHARDS | SANDRA SCHOTT | STACI CULOTTA |
| ROBIN GOHLKE | SARA MAY | STANLEY G WILLIAMS |
| ROBIN IRWIN | SARAH REILLY | STEFANIE SHATRICH |
| ROBIN LEWIS | SARAH SCHUETZ | STEPHANIE NGUYEN |
| ROD RIGOS and BARBARA GLADHART RIGOS | SCOTT AND MADELINE WETMORE | STEPHANIE PEARSON |
| ROGER WIER | SCOTT HIIGEL | STEPHANIE WILLIAMS |
| ROLAND SCHREIBER | SCOTT MCCARTHY | STEPHANIE WOOD |
| ROMAN BRUSOVANKIN | SCOTT MEYER | STEPHEN BEELER |
| RON and SHERRY LAWLOR | SCOTT MILLER | STEPHEN G RIDDLE |
| RONALD F HOMEIER | SEAN KAZI | STEPHEN NOJEK |
| RONALD WELLMAN | SHAHRAN GROSS | STEVE FLETCHER |
| ROSE and MELVYN REMOLADOR | SHANNON WYMAN | STEVE OVERLIN |
| ROSEMARIE SHEPERD | SHARON and BEVERLY MINNICH | STEVE OWENS |
| ROSEMARY PALMER | SHARON BERDINE | STEVEN C SANDSTROM |
| ROY OSTEEN | SHARON HOLLOW | STEVEN CHIN |
| RUSTY MAYBORNE | SHARON NELSON | SUE SEITHAMER |
| RUTH SILEN | SHAWN L BRADLEY | SUSAN A FRANTZICK |
| RYAN ANDREW BOWLING | SHELDON BOATRIGHT JR | SUSAN HATCLIFF |
| | | SUSAN HUTCHINSON |

Exhibit B

Class Members Requesting Exclusion

| | | |
|---|---|---|
| SUSAN SANDERS | TINA FAIRBANKS | WINFRED ALDINGER |
| SUSAN SQUIRES | TINA PANIZZOLI | WOODY WURSTER |
| SUZANNE DIAZ | TJ PIERCE | YEHUDA SKVERSKY |
| SUZANNE MCLAUGHLIN | TODD CAULEY | YOLANDA REINHARD |
| SYLVIA J MACUMBER | TODD GAERKE | ZELMA MEREDITH |
| SZYMON KOZACZKA | TOM MCCORMICK | ZOEY PHOENIX |
| TAMMI WRIGHT | TRAVIS CROUCH | |
| TAMMIE EGER | TYLER DIXON | |
| TAMMY IVERSON | URSULA SNOVER | |
| TAMRA MCKEE | V L CLARK | |
| TANYA SATTLER | VICTORIA BELLE-MILLER | |
| TARA WISE | VIRGINIA LAWRENCE | |
| TAYA BALDWIN | VIRGINIA VROEGOP | |
| TED ASSATLY | WACO MACHETT | |
| TERESA ATCHISON | WALTER FLAVE HART III | |
| TERRI ROBERTSON | WAYNE DAY | |
| THEODORE LEACH | WENDY ZAMPARDI | |
| THOMAS AND CAROL DEMERY | WESLEY KNOUSE | |
| THOMAS and KATHRYN GROSSI | WILLIAM B CONTOIS | |
| THOMAS BECKER | WILLIAM BAILEY | |
| THOMAS CZERWINSKI | WILLIAM FRAZIER | |
| THOMAS DEVAUGHN | WILLIAM HIGHTOWER | |
| TIFFANY MACKENZIE | WILLIAM JELLISON | |
| TIMOTHY M JONES | WILLIAM PENNER | |
| | WILLIAM W REYNOLDS | |

Exhibit B

## CERTIFICATE OF SERVICE

I, Leslie R. Cuesta, hereby declare as follows:

I am employed by Berman DeValerio, One California Street, Suite 900, San Francisco, California, 94111. I am over the age of 18 years and am not a party to this action. On March 28, 2012, using the Central District of California's Electronic Case Filing System ("ECF"), with the ECF ID registered to Christopher T. Heffelfinger, and at his direction, I filed and served true and correct copies of the document(s) described as follows:

**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN SETTLEMENT CLASS PLAINTIFFS AND WAL-MART STORES, INC. AND WALMART.COM USA LLC**

The ECF System is designed to automatically generate an e-mail message to all parties in the case, which constitutes service.

I further declare that on March 28, 2012, I served true and correct copies of the document(s) listed above on the following attorneys and/or parties, who are not on the list to receive e-mail notices for this case, by transmitting a true and correct Portable Document Format (PDF) copy via email the document(s) listed above on this date before 5:00 p.m. PDT to the person(s) at the email address(es) set forth below:

Gregory L. Baker
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave., NW
Washington, DC 20036
gbaker@bakerlaw.com

Raymond J. Farrow
**KELLER ROHRBACK, L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
rfarrow@kellerrohrback.com

Daniel N. Gallucci
**RODA NAST, P.C.**
801 Estelle Drive
Lancaster, PA 17601
dgallucci@rodanast.com

Nghana Lewis Gauff
**BECNEL LAW FIRM, LLC (RESERVE)**
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
ngauff@becnellaw.com

Archie C. Lamb, Jr.
**LAW OFFICES OF
    ARCHIE C. LAMB, JR.**
2017 Second Avenue North
Second Floor
Birmingham, AL 35203
alamb@archielamb.com

_____
[PROPOSED] ORDER AND FINAL JUDGMENT; Master File No. 4:09-md-2029 PJH

Irwin Levin
**COHEN & MALAD**
136 N. Delaware Street
Suite 300
Indianapolis, IN 46206
ilevin@cohenandmalad.com

Richard M. Volin
**FINKELSTEIN THOMPSON &**
**LOUGHRAN**
1050 30th Street, NW
Washington, DC 20007
rvolin@finkelsteinthompson.com

Paula W. Render
**JONES DAY**
77 West Wacker
Chicago, IL 60601
prender@jonesday.com

Joseph F. Roda
**RODA NAST, P.C.**
801 Estelle Drive
Lancaster, PA 17601
jroda@rodanast.com

Stewart M. Weltman
**FUTTERMAN HOWARD WATKINS**
**WYLIE & ASHLEY CHTD**
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603
sweltman@futtermanhoward.com

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed at San Francisco, California, on March 28, 2012.

_Leslie R. Cuesta_
Leslie R. Cuesta

1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

9

| | |
|---|---|
| **IN RE ONLINE DVD RENTAL ANTITRUST LITIGATION** | **Master File No. 4:09-md-2029 PJH** |
| | **MDL No. 2029** |
| | **Hon. Phyllis J. Hamilton** |
| **This document relates to all actions except:** | **[PROPOSED] ORDER AWARDING CLASS COUNSEL ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENTS TO CLASS REPRESENTATIVES** |
| *Pierson v. Walmart.com USA LLC et al.,* M:09-CV-2163-PJH *Levy, et al. v. Walmart.com USA LLC, et al.,* M:09-CV-2296-PJH | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4:09-md-2029 PJH] [Proposed] Order Awarding Class Counsel Attorneys' Fees, Reimb. of Expenses, and Class Rep Payments

The Court, having considered the Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payments to Class Representatives, and the memorandum and declarations in support thereof, and after hearing, hereby finds that:

1.      The Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payments to Class Representatives, requests an award of attorneys' fees in the amount of $6,812,500 (25% of the recovery from Wal-Mart), which is comprised of the Settling Defendants' settlement payment together with a proportional share of interest earned thereon. Further, Plaintiff's counsel ("Class Counsel") request partial reimbursement of out-of-pocket litigation costs and expenses in the amount of $1,700,000. Lastly, Plaintiffs request incentive awards for the nine (9) class representatives in the amount of $5,000 each, or $45,000 total.

2.      The Court finds that the amount of fees requested is fair and reasonable under the "percentage-of-recovery" method.

3.      The attorneys' fees requested were entirely contingent upon success. Class Counsel risked time and effort and advanced costs and expenses that greatly exceed the request, with no ultimate guarantee of compensation.

5.      Upon consideration of the Motion and accompanying Declarations and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the fee requested is reasonable and proper, that the costs and expenses incurred by Class Counsel were necessary, reasonable and proper, and that incentive awards are appropriate given the time and effort expended by the class representatives in the prosecution of this case.

Accordingly, it is hereby ORDERED and DECREED that:

A.      Class Counsel are awarded attorneys' fees of $6,812,500 (approximately 25 percent of the recovery from Wal-Mart), together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until dispersed to Class Counsel.

[4:09-md-2029 PJH] [PROPOSED] ORDER AWARDING CLASS COUNSEL ATTORNEYS' FEES, REIMB. OF EXPENSES, AND CLASS REP PAYMENTS

-21-

1       B.     Class Counsel are awarded partial reimbursement of their litigation costs and

2 expenses in the amount of $1,700,000.

3       C.     The class representatives – Bryan Eastman, Amy Latham, Melanie Salvi, Stan

4 Magee, Michael Orozco, Andrea Resnick, Liza Sivek, Michael Weiner, and Scott Caldwell –

5 shall each receive an incentive award in the amount of $5,000 ($45,000 in total).

6       D.     The attorneys' fees awarded, reimbursement of litigation costs and expenses, and

7 incentive awards shall be paid from the Settlement Fund and the interest earned thereon.

8       E.     The fees and expenses shall be allocated among Class Counsel by Lead Counsel

9 in a manner which, in Lead Counsels' good-faith judgment, reflects each firm's contribution to

10 the institution, prosecution and resolution of the litigation.

11       F.     This order shall be entered as of this date pursuant to Rule 54(b) of the Federal

12 Rules of Civil Procedure, the Court finding that there is no just reason for delay.

13       IT IS SO ORDERED

14       Dated: March 29, 2012

15

16       Phyllis J. Hamilton

17       United States District Judge

18

19

20

21

22

23

24

25

26

27

28

---

[4:09-md-2029 PJH] [PROPOSED] ORDER AWARDING CLASS COUNSEL ATTORNEYS' FEES,
REIMB. OF EXPENSES, AND CLASS REP PAYMENTS

ONE THAT I RAISED MYSELF TO THE PROVISION OF THE SETTLEMENT

AGREEMENT WE'VE TALKED ABOUT -- I DIDN'T FIND ONE OBJECTION WAS

SUFFICIENT OR -- SINGULAR OR IN THE AGGREGATE -- TO PRECLUDE ME

FROM APPROVING THIS SETTLEMENT.

            I'M NOT GOING TO GO THROUGH AND ADDRESS EACH ONE.  I

WILL SAY FOR THE RECORD THAT THE PLAINTIFFS' REPLY BRIEF I

THINK DID AN ADEQUATE JOB OF REFUTING MOST OF THE OBJECTIONS,

PARTICULARLY THOSE THAT WEREN'T EXACTLY ACCURATE REFLECTIONS OF

WHAT THE INTENT OF THE SETTLEMENT WAS.

            IT'S A COMPLICATED SETTLEMENT, AND I DO UNDERSTAND

THAT IT CERTAINLY COULD GIVE RISE TO SOME CONFUSION.  BUT WITH

REGARD TO THE BIG -- THE BIG OBJECTIONS, THE BIG OBJECTIONS

BEING TO THE -- THE GIFT -- GIFT CARDS AS COUPONS, I'M

CERTAINLY PERSUADED THAT THERE ARE SOME SHARED CHARACTERISTICS

BETWEEN A GIFT CARD AND A COUPON, BUT A GIFT CARD IS NOT A

COUPON.  AND UNLESS SOME APPELLATE COURT TELLS ME OTHERWISE, I

WILL PROCEED TO TREAT GIFT CARDS DIFFERENTLY, PARTICULARLY WHEN

THEY HAVE THE ATTRIBUTES OF THIS PARTICULAR GIFT CARD.

            AND THIS PARTICULAR GIFT CARD IS, I THINK,

SUFFICIENT -- SUFFICIENTLY DISTINGUISHED FROM THE COUPON IN

THAT IT HAS NO EXPIRATION DATE, EITHER FOR CALIFORNIANS OR

NON-CALIFORNIANS.  GIVEN THAT THAT'S WHAT THE PARTIES HAVE

SETTLED UPON, THAT IT'S TRANSFERABLE FROM ONE PARTY TO ANOTHER,

AND MOST IMPORTANTLY THAT THE PARTIES WERE GIVEN THE OPTION.

            NOW, WE DON'T KNOW WHAT WOULD HAVE HAPPENED HAD

EVERYONE CHOSEN CASH.  THERE IS THAT PROVISION OF THE

SETTLEMENT WHICH I TEND TO AGREE WITH THE OBJECTORS WAS

OBJECTIONABLE AND THAT HAD THERE BEEN TOO MANY CASH REQUESTS

THAT YOU ALL WANTED TO GO BACK TO THE DRAWING BOARD.  I WOULD

NEVER HAVE APPROVED THAT PROCEDURE HAD I BEEN FACED WITH THAT

TODAY.

          BUT GIVEN THAT WE KNOW WHAT THE RESPONSE IS TO THE

SETTLEMENT AND THAT THE VAST MAJORITY BY TWO-TO-ONE HAVE

ELECTED THE GIFT CARDS INSTEAD OF THE CASH COMPONENT, THAT

OBJECTION OR PORTION DOESN'T EVEN COME INTO PLAY.

          SO BECAUSE OF THE DISTINGUISHING FEATURES AND

PRIMARILY THE ABILITY OF THE CLASS MEMBERS TO CHOOSE WHETHER OR

NOT THEY WANTED CASH OR A GIFT CARD, I THINK MAKES THIS

SETTLEMENT CLOSER TO A CASH SETTLEMENT THAN IT IS TO A COUPON

SETTLEMENT.  AND SO, THEREFORE, I OVERRULE THOSE OBJECTIONS.

          WITH REGARD TO THE OBJECTIONS TO THE SO-CALLED

REVERSIONARY PROVISION, I THINK PLAINTIFFS' COUNSEL ADEQUATELY

EXPLAINED THE INCORRECTNESS OF THAT ASSUMPTION.  THERE'S

NOTHING THAT REVERTS BACK TO WAL-MART EXCEPT IF I DON'T GRANT

APPROVAL OF THE SETTLEMENT.

          AS I UNDERSTAND IT, WAL-MART HAS ADVANCED THE

ADMINISTRATION COSTS ESSENTIALLY.  AND IF, INDEED, I WERE TO

DENY THE SETTLEMENT AND IF THERE WERE ANY FUNDS THAT HADN'T

BEEN UTILIZED THAT WERE IN THAT POOL OF FUNDS ADVANCED, THAT

WOULD REVERT BACK.  SO THOSE OBJECTIONS ARE OVERRULED.

THERE WERE OBJECTIONS TO THE -- THE SO-CALLED ESCAPE CLAUSE I'VE ALREADY REFERRED TO, AND IT'S MOOTED BY THE ACTUAL RESPONSE TO THE CLASS.

THERE WERE A NUMBER OF OBJECTIONS AS TO THE FACT THAT THE REQUEST FOR CASH HAD TO BE MAILED AS OPPOSED TO EMAILED AS THE REQUEST FOR GIFT CARD WERE, AND AT -- WHEN I FIRST READ THOSE, I THOUGHT, WELL, YOU KNOW, THAT REALLY DOES SEEM LIKE IT COULD SERVE AS A DETERRENT, BUT I MEAN, I THINK, AS MR. TABACCO INDICATED, MOST OF THE SETTLEMENTS UP UNTIL RECENTLY -- I THINK I APPROVED MY FIRST EMAIL NOTICE AND CLAIMS PROCEDURE WITHIN THE LAST YEAR OR TWO AT THE MOST.

I MEAN, IT USED TO BE EVERYTHING WAS DONE BY MAIL, ALL CLAIMS WERE DONE BY MAIL.  SO IN THIS CASE, IF WE LOOK AT IT THAT WAY, THEN THE SETTLEMENT AND THE NOTICES IS BETTER THAN A LOT THAT ARE GOING ON IN PERHAPS OTHER JURISDICTIONS WHERE EVERYONE'S NOT UTILIZING EMAIL TO THE EXTENT THAT WAS DONE HERE.  SO I DON'T FIND THAT THOSE OBJECTIONS ARE MERITORIOUS.

THERE WERE OBJECTIONS TO THE PER CAPITA -- I WOULD CALL IT PRO RATA PAYMENTS TO THE INDIVIDUAL MEMBERS AS OPPOSED TO A MORE COMPLICATED PAYMENT SCHEME THAT WOULD TAKE INTO ACCOUNT THE VARIOUS DIFFERENT PLANS AND OPTIONS AND -- I MEAN, WE ALL RECOGNIZE THAT EVERYONE HAS PAID DIFFERENT AMOUNTS.  AND TO THE EXTENT THAT THERE ARE -- IS MERIT TO THE CLAIM, THEIR LOSSES ARE DIFFERENT.

NONETHELESS, GIVEN THE SIZE OF THE -- OF THE OVERALL

SETTLEMENT AWARD, I THINK THAT THE BEST WAY TO MAKE SURE -- AND

I REMEMBER AT THE TIME THAT I DENIED PRELIMINARY APPROVAL THE

FIRST TIME AROUND, ONE OF THE THINGS I RAISED WAS, WELL,

SHOULDN'T -- SHOULDN'T CLASS MEMBERS BE ABLE TO EXPECT AT LEAST

REIMBURSEMENT FOR ONE MONTH'S RENTAL FEE?  THIS WAS BACK WHEN

WE WERE ANTICIPATING THAT WE COULD HAVE 35 MILLION RESPONSES

AND EVERYBODY WOULD RECEIVE 50 CENTS OR SOMETHING.

        WELL, I THINK, AS IT'S BORNE OUT, $12, WHILE NOT A

LOT OF MONEY THESE DAYS EVEN AT WAL-MART, IS $12.  AND FOR

CLASS MEMBERS TO RECEIVE THAT IN LIEU OF RECEIVING NOTHING IS

OF SOME, I THINK, ACTUAL VALUE TO THE CLASS.  AND I THINK IT

WOULD BE PREFERABLE -- IT'S PREFERABLE TO THE COURT AND I THINK

TO THE CLASS MEMBERS THAT EVERYBODY RECEIVE SOMETHING RATHER

THAN SOME PEOPLE RECEIVE 30 DOLLARS AND OTHERS RECEIVE 1

DOLLAR.  SO I OVERRULE THOSE OBJECTIONS AS WELL.

        THERE WERE OBJECTIONS TO THE FAIRNESS OF EVEN USING

THE GIFT CARD -- I FORGOT TO SAY THIS EARLIER -- BECAUSE IT

DOES FORCE THIS RELATIONSHIP -- THIS ONGOING RELATIONSHIP WITH

THE OFFENDING DEFENDANT.  HOWEVER, GIVEN THE FACT THAT CLASS

MEMBERS WERE GIVEN THE CHOICE, THAT'S NOT REALLY PROBLEMATIC.

I -- 'CAUSE I THINK I RAISED THAT INITIALLY AS WELL.  BUT I

THINK THE WAY YOU ALL HAVE RESOLVED IT IS CERTAINLY

SATISFACTORY TO THE COURT.

        THE -- WITH REGARD TO THE NOTICE, THE FACT THAT A

SECOND NOTICE WAS POSTED -- AND I THINK IT WAS EMAILED, JUST

NOT REMAILED BY MAIL.  AM I CORRECT ABOUT THAT?  THE SECOND

NOTICE FOLLOWING THE SUMMARY JUDGMENT GRANT, WAS THAT JUST

POSTED ON THE WEBSITE?

             **MR. SPECTOR:**  YES, YOUR HONOR.  IT WAS POSTED ON THE

WEBSITE.

             **THE COURT:**  IT WAS POSTED ON THE WEBSITE.  OKAY.

             GIVEN THE COST OF MAILING AND MY CONCERN THAT

EVERYBODY RECEIVE EQUAL ACCESS BECAUSE I DID REQUIRE THAT YOU

SEND MAIL FOR ALL OF THE BOUNCEBACKS.  SO FOR PEOPLE FOR WHOM

YOU DIDN'T HAVE PROPER EMAIL ADDRESSES FOR -- I THINK THAT

THAT'S PERFECTLY FINE TO POST IT ON THE WEBSITE.  EVERYBODY

THEREAFTER HAD EQUAL ACCESS AND TO REQUIRE -- BECAUSE IF YOU

WERE GOING TO SEND THE NOTICE BY EMAIL, I WOULD HAVE REQUIRED

THAT YOU MAIL AGAIN THE SECOND NOTICE.  AND RATHER THAN DEPLETE

THE FUND FURTHER, I THINK PROVIDING EQUAL ACCESS TO THE WEBSITE

WAS AN ADEQUATE WAY OF DEALING WITH THE DEVELOPMENTS IN THE

CASE.

             THE IMPROPER ADDRESS -- GIVEN THAT THERE WERE ONLY A

FEW OBJECTIONS TO THAT, I DON'T FIND THOSE TO BE SUFFICIENT,

ALTHOUGH YOU COULD HAVE USED A DIFFERENT "FROM" LINE SO THAT

PEOPLE WOULDN'T HAVE BEEN AS INCLINED TO SEND IT TO THE SPAM

FILE.  BUT I DON'T FIND THAT THAT IN AND OF ITSELF IS

SUFFICIENT TO RENDER THE NOTICE NOT AN ADEQUATE NOTICE.

             AND, CLEARLY, TO THE EXTENT THAT SOME OF THE

OBJECTIONS INDICATED THAT THE AMOUNTS OF THE LIKELY AWARD WERE

NOT SPECIFIED, YOU COULDN'T VERY WELL DO THAT IN THIS KIND OF A

CASE.  YOU HAD TO FIND OUT HOW MANY CLAIMS THERE WERE -- THERE

WERE GOING TO BE BEFORE YOU COULD DO THAT.  SO THOSE OBJECTIONS

ARE OVERRULED.

      THERE WERE SOME -- THE OTHER -- THE REMAINING

OBJECTIONS GO TO THE -- THAT FACT THAT INCENTIVE PAYMENTS FOR

PLAINTIFFS -- NAMED PLAINTIFFS ARE BEING SOUGHT AS WELL AS THE

FEES.  WE'VE HAD DIFFERENT PROPOSALS AS TO WHAT THE INCENTIVE

PAYMENTS AND FEES SHOULD BE.  BUT I'LL JUST SAY WITH REGARD TO

THE INCENTIVE PAYMENTS, GIVEN THE OVERALL SIZE OF THE

SETTLEMENT, I'LL APPROVE $5,000.  I'VE CERTAINLY APPROVED

$5,000 FOR CLASS PLAINTIFFS WITH SMALLER OVERALL SETTLEMENT

FUNDS.

      I RARELY -- RARELY -- ON OCCASION BUT RARELY APPROVE

GREATER THAN $5,000, BUT GIVEN THE FACT THAT THERE WERE

DEPOSITIONS THAT PLAINTIFFS HAVE PARTICIPATED IN AND THAT THE

LITIGATION DID -- WAS COMPLICATED AND DID TAKE QUITE BIT OF

TIME -- THEIR TIME INCLUDED, I WOULD APPROVE THE $5,000 AWARDS

AS WELL.

      AND THEN LASTLY, WITH REGARD TO THE 25,000 -- THE 25

PERCENT OF THE TOTAL FUND AND -- THERE WERE SOME OBJECTIONS AS

TO WHETHER OR NOT THAT SHOULD BE TAKEN OUT OF NET FUND OR THE

GROSS FUND, ET CETERA, I'VE NOT HAD THE EXPERIENCE WHERE

ADMINISTRATION COSTS HAVE NOT COME OUT OF THE FUND OR ARE PAID

ELSEWHERE.

ON A COUPLE OF OCCASIONS, PLAINTIFFS HAVE BEEN SUCCESSFUL IN NEGOTIATING WITH THE DEFENDANTS TO PAY ADMINISTRATION COSTS ON TOP OF THE SETTLEMENT AMOUNT, BUT THOSE ARE RARE CASES.

IN MOST CASES BEFORE ME, THE ADMINISTRATION COSTS COME OUT OF THE FUND BECAUSE I DO -- NOTWITHSTANDING THE OBJECTIONS TO THE CONTRARY, BUT I DO FIND THAT WITHOUT ADMINISTRATION, I -- I DON'T KNOW HOW WE WOULD ACCOMPLISH DISTRIBUTION IN A MEANINGFUL AND SIGNIFICANT WAY.  AND THAT DOES INURE TO THE BENEFIT OF THE CLASS TO HAVE SOME MANNER OF HAVING THE FUND DISTRIBUTED IN AN ORGANIZED WAY.

I THINK I HAD ONE CASE ONCE WHERE THE DEFENDANT, WITH THE PLAINTIFFS' AGREEMENT, AGREED TO DO DISTRIBUTION, AND IT WAS A TOTAL MESS AND IT HAD TO ALL BE DONE ALL OVER AGAIN.

IT'S BETTER TO HAVE AN OBJECTIVE CLAIMS ADMINISTRATOR.  THEY DON'T COME CHEAP.  I UNDERSTAND THAT, BUT THAT'S IN THE CLASS'S INTEREST.

WITH REGARD TO WHETHER OR NOT THE BENCH MARK -- THE 25 PERCENT OR SOMETHING LESS OR SOMETHING GREATER OR WHETHER OR NOT A LODESTAR SHOULD BE UTILIZED, IT'S -- IT'S MY EXPERIENCE THAT I DO GENERALLY LIKE HAVING A LODESTAR AS A CROSS-CHECK, AND IN THIS CASE, YOU ALL HAVE PROVIDED SUMMARY INFORMATION AS OPPOSED TO THE ACTUAL TIME SHEETS AND BILLING RECORDS.  AND I DON'T REQUIRE TIME SHEETS AND BILLING RECORDS WHEN COUNSEL ARE, FOR THE MOST PART, ASKING FOR A BENCH MARK.

IF I WERE TO DENY A BENCH MARK AND THEN NEEDED TO DETERMINE WHAT THE LODESTAR WAS, THEN I WOULD ASK FOR THE MORE DETAILED TIME RECORDS SO THAT I COULD MAKE THAT DETERMINATION. IN THIS CASE, GIVEN THAT COUNSEL'S REQUESTING THE 25 PERCENT BENCH MARK, THE LODESTAR SUMMARY, AS IT IS, IS JUST USED AS A CROSS-CHECK. AND THESE LAWYERS HAVE PRACTICED BEFORE ME FOR MANY YEARS, AND I HAVE NO BASIS FOR NOT ACCEPTING THEIR REPRESENTATIONS WITH REGARD TO THE OVERALL HOURS.

I RECOGNIZE THAT IF I WERE ASKED TO DO -- TO SCRUTINIZE YOUR RECORDS MORE CLEARLY, I'D PROBABLY CUT SOME THINGS. I ALWAYS DO. BUT I RARELY EVER CUT ANYBODY'S FEES IN HALF. I MEAN, AND THEY HAVE INDICATED IN THEIR RECORDS AND IN THEIR DECLARATIONS THAT THEIR LODESTAR'S MORE THAN THREE TIMES AS MUCH AS THE AMOUNT OF -- OR AT LEAST THREE TIMES AS MUCH AS THE AMOUNT OF THE 25 PERCENT BENCH MARK. SO IN THIS CASE, THE CLASS IS IN A MUCH BETTER POSITION HAVING -- THAN HAVING A LODESTAR.

I MEAN, I WOULDN'T, OBVIOUSLY, APPROVE A $20 MILLION LODESTAR IN A $27 MILLION SETTLEMENT, BUT I DON'T SEE ANY BASIS FOR NOT GRANTING THE OVERALL 25 PERCENT, PARTICULARLY HAVING FOUND THAT THE GIFT CARD DOES NOT VIOLATE THE CLASS ACTION FAIRNESS ACT.

SO I WILL -- AT THIS TIME, I'M PREPARED TO FIND THAT THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE GIVEN THE TOTALITY OF THE CIRCUMSTANCES, PARTICULARLY GIVEN THE FACT THAT

HALF THE CASE HAS BEEN KIND OF WIPED OFF THE BOOKS FOR THE

PLAINTIFFS, I FIND THAT THE SETTLEMENT IS FAIR, REASONABLE, AND

ADEQUATE, THAT SOMETHING'S BETTER THAN NOTHING IN THIS KIND OF

CASE, AND THAT THE BENCH MARK IS A REASONABLE FEE FOR THE CASE.

SO I APPROVE.

    THE SETTLEMENT'S APPROVED WITH THE EXCEPTION OF THAT

ONE PROVISION, THE 877.5.  NOW, I DON'T KNOW -- GIVEN THAT I'VE

APPROVED EVERYTHING ELSE, I DON'T KNOW IF WE HAVE -- IF I CAN

SIGN OFF ON ANYTHING TODAY.  SO YOU ALL NEED TO GO BACK TO THE

DRAWING BOARD AND FIGURE OUT WHAT THAT ONE PROVISION MEANS IN

TERMS OF WHETHER OR NOT THERE IS A -- A SETTLEMENT THAT CAN BE

ENTERED.

    OKAY?  ALL RIGHT.  IS THERE ANY QUESTION?

    **MR. DiNARDO:**  NOT FROM THE DEFENDANT.

    **MR. TABACCO:**  NOT FROM --

    **THE COURT:**  ALL RIGHT.  SO PLEASE TRY TO RESOLVE IT

WITHIN THE NEXT WEEK.  I WOULD LIKE -- IF THIS CASE IS GOING TO

BE SETTLED, I WANT IT SETTLED BEFORE MARCH -- I WANT IT OFF MY

DOCKET BY MARCH 31ST.  ALL RIGHT?

    SO WORK IT OUT, AND THEN YOU CAN CONTACT NICHOLE.

IF YOU WANT A TELEPHONE CONFERENCE, WE CAN DO THAT, OR IF YOU

WANT TO JUST SUBMIT AN APPLICATION, WE'LL DO IT ON SHORTENED

TIME.

    **MR. TABACCO:**  THANK YOU, YOUR HONOR.

    **MR. DiNARDO:**  THANK YOU, YOUR HONOR.